State vs. Bias.

## No. 9310.

### THE STATE OF LOUISIANA VS. LACY BIAS.

A partial concealment of a dangerous weapon is a violation of the statute prohibiting carrying concealed weapons. It should be fully exposed.

A pistol half stuck in the pocket or about the clothes, even though a part of it may be visible, is carrying a concealed weapon within the meaning and intent of the statute.

The word 'concealed' has a statutory sense, contradistinguished from its ordinary meaning, and must be construed so as to give potential effect to the law.

APPEAL from the Tenth District Court, Parish of Red River. Hall, J.

M. J. Cunningham, Attorney General, and J. C. Pugh, District Attorney, for the State, Appellee.

L. B. Watkins for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   The defendant was indicted for and convicted of carrying a concealed weapon, and was sentenced to imprisonment for one day and to pay a fine of three hundred and five dollars.   He relies for reversal upon what he conceives to be an erroneous charge to the jury as to what is concealment of a dangerous weapon.   The bill states ;—

That the proof was that the accused carried a pistol with the barrel and cylinder stuck inside the waistband of his pants in front and leaving the handle and guard exposed, the accused at the time wearing neither coat or vest.

State vs. Bias.

The judge charged thus;—

"I don't regard the Supreme Court as having given all of the law on the subject, but only so much as was necessary for the decision of the case then before them."

"I think the law was intended to prevent persons from carrying pistols or other dangerous weapons stuck in their clothes, even though a part of them may be exposed to view. And if you find that the defendant did carry a pistol stuck in his clothes or pockets, although a part may be exposed, you should find him guilty."

The case to which the judge alludes is State v. Smith, XI Ann. 633.

It was there said a partial concealment of the weapon which does not leave it in full open view is a violation of the statute, and the soundness of this ruling has never been questioned, however much juries have been influenced and trial-judges have misled them by definitions of the word 'concealed.'

In common parlance and even in philological import a thing concealed is a thing hidden, and therefore one might be correct in saying if it is not hidden or is visible, then it is not concealed. But the word must be taken in its statutory sense, that is, must be construed so as to give full and potential effect to the statute. The manifest object of the statute was to prevent the carrying of dangerous weapons—to stamp out a practice that has been and is fruitful of bloodshed, misery, and death—and yet so to prohibit the carrying as not to infringe the constitutional right to keep and bear arms.

The constitutional right is to bear arms openly, so that when one meets an armed man there can be no mistake about the fact that he is armed. When we see a man with musket to shoulder, or carbine slung on back, or pistol belted to his side, or such like, he is bearing arms in the constitutional sense. Of course there are other examples. These are but illustrations. There is no danger of any jury or court misinterpeting our statute prohibiting carrying concealed weapons, and confounding a case of lawful arms-bearing with one of carrying dangerous weapons concealed, unless verbal distinctions are pressed too far and they are misled by them. A pistol half stuck in a pocket or about the clothes so that it is not fully exposed, even though a part of it may be visible, is carrying a concealed weapon within the meaning and intent of the statute, and that is the language of the charge. We have nothing to do with the facts. The judge gave the jury good law. They applied it to the facts as seemed best to them.

Judgment affirmed.