311 So.2d 863 (1975)
STATE of Louisiana
v.
James C. FLUKER.
No. 55657.
Supreme Court of Louisiana.
April 24, 1975.
*864 Donald L. Baker, Skeels, Baker & Coleman, Shreveport, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.
Defendant James C. Fluker was charged by bill of information with the intentional concealment of a .38 calibre pistol in violation of La.R.S. 14:95. He was tried by a judge without a jury, found guilty as charged, and sentenced to pay a fine of $100.00 and costs or, in default, to serve fifteen (15) days in jail. Lacking appellate jurisdiction over the matter,[1] we granted defendant's application for a writ of certiorari to review his conviction. 305 So.2d 128 (La.1974).
Defendant assigns two errors allegedly committed by the trial court as grounds for reversal of his conviction and sentence. Since both assigned errors present an identical issue of law, viz., whether a partially visible weapon is a "concealed" weapon under our criminal laws, they will be considered together.
The testimony given at trial and findings of the trial judge are easily summarized. Pursuant to a complaint from a passing motorist who had observed defendant driving in an erratic manner one evening, a Shreveport police officer stopped defendant on suspicion of drunken driving and asked him to get out of his car. As was his custom when carrying the day's business receipts, defendant was armed with a small pistol. Another police officer happened by and stopped to offer assistance. Approaching from defendant's rear, he noticed a small, brown holster housing the pistol attached to defendant's belt on his right hip. Defendant wore no outer clothing, such as a coat or jacket, that otherwise hid the holster and gun from view. It was admitted that enough of the gun protruded from the holster to make it recognizable as a pistol. The officers disarmed defendant and arrested him on the charge for which he was eventually prosecuted.
In written reasons for judgment, the trial judge found that the position of the holster and gun on defendant's right hip effectively obscured it from the first officer's view. He then concluded that
[c]onsidering the time of night, the size of the weapon and the dark color of it *865 and its scabbard, and its appearance in the pictures in evidence, it is apparent that this weapon was not in full open view, but was effectively concealed. Finding the applicable rule on concealment of weapons to be that stated in State v. Bias, 37 La.Ann. 259 (1885), viz., that a partially concealed pistol is a "concealed" weapon within the meaning of the law, the trial judge found the defendant guilty as charged. For the reasons hereafter assigned, we reverse.
The gravamen of defendant's argument here is that the trial court committed reversible error in its interpretation and application of the concealed weapons law, La.R.S. 14:95(A)(1), as prohibiting any partial concealment of a weapon. More specifically, defendant assigns as error the trial court's refusals to grant defense motions for a directed verdict and a requested instruction that, in order to be "concealed" within the meaning of the law, an object must be fully hidden from view. Resolution of the legal issue presented here requires an historical exegesis of the concealed weapons law in Louisiana.
The first statute to proscribe concealment of weapons was enacted in 1813. Responding to the apparently increasing frequency of bloodshed in the state,[2] the legislature proscribed the carrying of a concealed weapon in the following terms:
. . . any person who shall be found with any concealed weapon, such as a dirk, dagger, knife, pistol or any other deadly weapon concealed in his bosom, coat or in any other place about him that do not appear in full open view, any person so offending, shall on conviction thereof before any justice of the peace, be subject to pay a fine not to exceed fifty dollars nor less than twenty dollars....
La.Acts 1813, p. 172, § 1 (emphasis added). In 1855, the statute was reenacted to proscribe the carrying of ".... a weapon or weapons concealed on or about [one's] person .... "La.Acts 1855, No. 120, § 115. Although the 1855 statute did not include the language of the 1813 act that required the weapon to be in full open view, this court interpreted the later statute as carrying forward that requirement. State v. Smith, 11 La.Ann. 633 (1856); see also State v. Bias, 37 La.Ann. 259 (1885). Later amendments simply graded the offense and altered the penalty for conviction; the statutory formula to determine what constituted concealment was left unaltered. La.Acts 1906, No. 43; La.Acts 1902, No. 107.
The present statute was originally enacted in 1942 and was enrolled as part of the Revised Statutes in 1950. See La.Acts 1942, No. 43, § 1, art. 95. Subsequent amendments have not related to the section in question here, which defines the crime of illegally carrying a weapon as, inter alia,
[t]he intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person. . . .
La.R.S. 14:95(A)(1) (1950), as amended, La.Acts 1968, No. 647, § 1.
Clearly, the present version of the statute differs from its predecessors by requiring intentional concealment. Thus, the old formula, which required that the weapon be carried in full open view, is obsolete. By making the offense of concealment *866 a crime of specific intent, the legislature has abandoned the old rule that a partially hidden weapon is a concealed weapon in favor of a more realistic proscription that contemplates that a weapon, although not in "full, open view," is nonetheless not a "concealed" weapon if it is sufficiently exposed to reveal its identity. If the weapon is carried in a manner that reveals its identity, its carrier cannot be presumed to have intended to conceal it and, accordingly, is not in violation of the statute.[3]
In sum, the trial court erred in its application of the mechanistic standard that obtained under prior laws. The appropriate test to be applied in prosecutions for illegal carrying of weapons is whether, under the facts and circumstances of the case as disclosed by the evidence, the manner in which defendant carried the weapon evinced an intent to conceal its identity. Applying this interpretation of the statute to the facts of this case, we find no evidence of an intentional concealment of the weapon. Defendant wore the gun in a holster on his hip in open view. The gun was exposed, except for that portion in the holster. There was no attempt to conceal its identity. It was fully admitted by the arresting officers that the weapon was sufficiently exposed to be fully recognizable as a pistol. Hence, we find no evidence to substantiate this conviction. La.Code Crim.P. art. 778 (1966); see State v. Douglas, 278 So.2d 485 (La.1973). We conclude that the trial court erred as a matter of law in not granting defendant's motion for a directed verdict of acquittal.

DECREE
For the reasons assigned, defendant's conviction is reversed, and the sentence is annulled and set aside. The cause is remanded to the trial court for proper judgment of acquittal in compliance with this opinion.
NOTES
[1] At the time of defendant's trial in 1974, this court possessed appellate jurisdiction in criminal cases only where the fine exceeding $300.00 or a sentence exceeding six (6) months had actually been imposed. La.Const. art. 7, § 10 (1921). The new constitution raises the monetary jurisdictional amount to $500.00. La.Const. art. V, § 5(D) (1974).
[2] The preamble to the statute reads:

Whereas assassination and attempt to commit the same, have of late been of such frequent occurrence as to become a subject of serious alarm to the peaceable and well disposed inhabitants of this state; and whereas the same is in a great measure to be attributed to the dangerous and wicked practice of carrying about in public places concealed and deadly weapons, or going to the same armed in an unnecessary manner. . . .
[3] As one commentator has observed,

[t]he problem is whether there has been an intentional concealment. If a part of the weapon is openly displayed, such open display is hardly consistent with an intent to conceal. If a part is subject to view, not through an intention for it to be openly displayed but merely by virtue of sloppy concealment, then it seems there may be intentional concealment even though there is not full concealment. These are jury questions and there ought not be any simplistic rule designed to govern both the rural outdoorsman and the city street roamer by so mechanistic a standard as that of whether the weapon was partially or fully concealed.
Ellis, The Work of the Louisiana Appellate Courts for the 1970-1971 Term, Criminal Law, 32 La.L.Rev. 298, 305-06 (1972) (emphasis in original).