376 So.2d 147 (1979)
STATE of Louisiana
v.
Irvin R. BOWEN.
No. 64711.
Supreme Court of Louisiana.
October 8, 1979.
*148 Miriam W. Waltzer, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David J. Cortes, Asst. Dist. Atty., for plaintiff-respondent.
MARCUS, Justice.
Irvin R. Bowen was charged by bill of information with intentional concealment of a firearm, to-wit, a pistol on his person, in violation of La.R.S. 14:95. After a bench trial, he was found guilty as charged and sentenced to pay a fine of five hundred dollars plus court costs. The conviction and sentence were affirmed by the appellate court division of the Criminal District Court for the Parish of Orleans, one judge dissenting. Defendant's application to this court under our supervisory jurisdiction was granted.[1]
Defendant contends the trial judge erred in denying his motion for a new trial grounded on the claim that there was no evidence of intentional concealment, an essential element of the crime charged.
Clifford H. Cox, maintenance supervisor of the Holiday East Highrise testified[2] that on the morning of March 17, 1978, someone called and informed him that a man was in the dining room with a weapon. He then went to the dining room and saw defendant with a weapon located in his waistband. The witness stated that the hand grip of the pistol was protruding from defendant's waistband. Defendant and his wife were sitting at a table across from each other. At this point, Cox left and called the police. On returning to the dining room, he saw defendant take the pistol from his waistband and place it on a ledge of a large plate glass window adjacent to the table where defendant and his wife were sitting. After a word or two with his wife, defendant removed the weapon from the ledge and placed it in his wife's open purse located between them on the floor. At this point, the police arrived. The arresting officer testified that he observed the weapon in defendant's wife's open purse and immediately arrested defendant for carrying a concealed weapon.
La.R.S. 14:95 provides in pertinent part:
A. Illegal carrying of weapons is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one's person. . ..
In State v. Fluker, 311 So.2d 863 (La. 1975), we stated that:
a weapon, although not in `full, open view,' is nonetheless not a `concealed' weapon if it is sufficiently exposed to reveal its identity. If the weapon is carried in a manner that reveals its identity, its carrier cannot be presumed to have intended to conceal it and, accordingly, *149 is not in violation of the statute. [footnote omitted]
We further stated in Fluker:
The appropriate test to be applied in prosecutions for illegal carrying of weapons is whether, under the facts and circumstances of the case as disclosed by the evidence, the manner in which defendant carried the weapon evinced an intent to conceal its identity.
In the instant case, we find no evidence of defendant's intentional concealment of the weapon on his person. Defendant wore the pistol in his waistband in plain view in such a way that it was immediately recognizable as a gun. This manner of openly carrying the pistol contradicts a finding that defendant intended to conceal the weapon. When defendant removed the pistol from his waistband and placed it on the window ledge, the weapon was in full view. Finally, when defendant placed the pistol in his wife's open purse on the floor, it was clearly visible to anyone who passed by. The placement of the pistol in the purse in this manner negates a finding that defendant either intended to conceal the weapon or have the weapon on his person. Hence, we find no evidence to support the conviction.
The United States Supreme Court in Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), held that the double jeopardy clause of the fifth amendment precludes a second trial once a reviewing court has found no evidence of the crime charged or an essential element thereof. In addition, the Court stated that the only just remedy for the reviewing court to enter would be a judgment of acquittal. Moreover, the defendant does not waive his right to a judgment of acquittal by moving for a new trial. Because we find no evidence in the record of the crime charged, we must enter a judgment of acquittal. State v. Thompson, 366 So.2d 1291 (La.1978); State v. Liggett, 363 So.2d 1184 (La.1978).

DECREE
For the reasons assigned, defendant's conviction and sentence are annulled and set aside and a judgment of acquittal is entered.
NOTES
[1] 371 So.2d 1338 (La.1979).
[2] At trial, the state and defendant submitted the matter on the testimony adduced at the hearing on the motion to quash and motion to suppress.