MARCUS, Justice.
Edward White was charged by bill of information with carrying a concealed weapon having previously been convicted of robbery, a felony, a violation of La.R.S. 14:95.1. After trial by jury, defendant was found guilty as charged and sentenced to serve five years at hard labor. On appeal, he relies on five assignments of error for reversal of his conviction and sentence. Finding reversible error in one of the assignments of error, we need not consider the others.
Defendant contends the trial judge erred in misstating the law on concealed weapons in charging the jury.
La.R.S. 14:95.1 provides in pertinent part:
It is unlawful for any person who has been convicted of armed or simple robbery . . . to possess a firearm or carry a concealed weapon. (emphasis added)
In charging the jury relative to the law on a concealed weapon, the trial judge stated:
The state must prove to your satisfaction, and beyond a reasonable doubt, that the weapon was concealed and that if any part of the firearm is not visible it is sufficient for concealment of the weapon for the purpose of this particular statute.
Defendant’s objection to the above statement of the law was overruled by the trial judge.
The jury instruction was inconsistent with our interpretation of a concealed weapon announced in State v. Fluker, 311 So.2d 863 (La.1975). In Fluker, we found *125 that, under La.R.S. 14:95, which prohibits intentional concealment of a weapon on one’s person, a weapon is not concealed if it is sufficiently exposed to reveal its identity even though the weapon is not in full open view. Hence, the trial judge erred in charging the jury that “if any part of the firearm is not visible it is sufficient for concealment of the weapon” because a partial concealment of the weapon would not constitute carrying “a concealed weapon” were the jury to conclude that the weapon was displayed in such a manner that its identity was clearly revealed even though the weapon was not in full open view. On the other hand, the jury might conclude that the partially-concealed weapon was not sufficiently exposed to reveal its identity; in such a case, the weapon would be concealed. Ultimately it is within the province of the jury to decide whether, in light of all the evidence presented, the weapon is concealed. The instruction requiring them to find that the weapon was concealed if any part of it was not visible was clearly wrong. We must reverse.
DECREE
For the reasons assigned, the conviction and sentence are reversed; the case is remanded for a new trial in accordance with the views herein expressed.