422 So.2d 1125 (1982)
STATE of Louisiana
v.
Thomas JOHNSON and Daniel B. Lomax.
No. 82-K-1284.
Supreme Court of Louisiana.
November 29, 1982.
*1126 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Michael Simpson, Asst. Dist. Attys., for relator.
J.C. Lawrence, Gerdes, Valteau & Cade, New Orleans, for respondents.
CALOGERO, Justice.
Should the trial judge have suppressed four tablets of diazepam (Valium) and a .38 caliber revolver seized by police officers incident to a warrantless arrest of Daniel B. Lomax for carrying a concealed weapon? Did the officers have probable cause to believe that Lomax had just committed the crime of carrying a concealed weapon so as to justify his arrest?
We granted the state's application to review an adverse trial court ruling and to consider the foregoing questions.[1]
The facts surrounding the initial arrest and search as related in the police officers' testimony at the hearing on the motion to suppress are as follows: On February 26, 1982, at about 11:30 P.M. Officers Marino, Luther and Goode of the New Orleans Police Department were patrolling in the vicinity of South Rampart Street and Martin Luther King Boulevard in an unmarked police car. Officer Marino spotted two males (who turned out to be Daniel B. Lomax and Thomas Johnson) exiting Pete's Place, a bar which the officers knew to be "well known for narcotics traffic." Officer Marino slowed the car almost to a stop and the two defendants crossed the street in front of the police car. Lomax approached the driver's side of a vehicle, parked (to Marino's right) facing the opposite direction. Officer Marino saw Lomax pull from his waistband a gun which, he acknowledged on examination by the court, had until then been "completely hidden to me." He further acknowledged that he had no reason to believe that there was a gun on Lomax until Lomax took it out. Marino saw Lomax open the driver's door and throw the revolver onto the front seat of the automobile. At that point, the officers left their vehicle and approached the pair. Approaching Lomax, Officer Marino saw the revolver on the front seat of the car and seized it. He testified that he arrested Lomax for carrying a concealed weapon.
Noticing a bulge in defendant's pocket and believing that he had "a right to search him [Lomax] completely," Officer Marino started to search defendant's pocket. Lomax pushed the officer's hand away, pulled out a yellow paper towel and dropped it and its contents to the ground. The paper towel contained four tablets of Valium, a Schedule IV narcotic. Officer Marino then placed Lomax under arrest for possession of the diazepam.
Officer Goode, who admitted that the arrest was prompted by Officer Marino's observations, testified that the two defendants were seen to "`[b]ee-line' it across the street." The trial judge evidently did not give weight to this testimony concerning "flight". A fair reading of the record supports that conclusion since Marino, the officer whose observations alerted his fellow policeman, did not so testify.
The defendants' motion to suppress both the .38 caliber revolver and the tablets of diazepam was granted by the trial court judge. She apparently relied principally upon State v. Bowen, 376 So.2d 147 (La. 1979) and State v. Fluker, 311 So.2d 863 (La.1975), both of which held that a weapon must be concealed in its entirety on the body of the defendant in order to establish *1127 the crime of carrying a concealed weapon. Those opinions are distinguishable from the instant case both factually and legally. Both involved a conviction on the charge of carrying a concealed weapon. Fluker was a businessman, in his automobile, with a holstered pistol on his belt; Bowen, who carried the gun openly in his waistband, then placed it on a ledge beside him inside a restaurant, and then put it in his wife's open purse, was dining at a hotel with his wife. In the instant case, Lomax was leaving a bar known for narcotics traffic with a companion late at night. This case, besides being factually distinguishable, did not involve a sufficiency question upon review of a conviction, but rather review of a trial court's judgment granting a motion to suppress. Whether or not probable cause to arrest existed is the pertinent question here.
The standard required for a conviction is more stringent than that required to establish probable cause to arrest.
In determining whether reasonable cause for arrest exists, the rigorous proof required for conviction is unnecessary. Reasonable cause is something less and must be judged by the probabilities and practical considerations of everyday life on which average men, and more particularly, average police officers can be expected to act. (citations omitted) State v. Hall, 342 So.2d 616, 619 (La.1977), cert. denied 434 U.S. 846 [98 S.Ct. 149, 54 L.Ed.2d 112] (1977). See also State v. Marks, 337 So.2d 1177 (La.1976).
See also State v. Marks, 337 So.2d 1177 (La.1976). The measure of probable cause to arrest is not that a police officer have proof sufficient to convict. State v. Scott, 389 So.2d 1285 (La.1980). Probable cause is determined "by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience." (citation omitted) State v. Boyd, 349 So.2d 1256, 1258 (La.1977).
Probable cause for an arrest exists when facts and circumstances known to the officer and of which he has reasonably trustworthy information are sufficient to justify a man of ordinary caution in the belief that the person to be arrested has committed a crime. State v. Hathaway, 411 So.2d 1074 (La.1982). See also State v. Mosley, 390 So.2d 1302 (La.1980). Considering the circumstances, it must be more probable than not that the defendant's activity consisted of criminal behavior. State v. Fauria, 393 So.2d 688 (La.1981). See also State v. Scott, supra; State v. Thomas, 349 So.2d 270 (La.1977).
After a review of the circumstances of this casethe late time of night, the location, the defendants' exit from a place known to the officers to be a narcotics outlet, Lomax's removing from his waistband a gun and tossing it into the front seat of the car in preparing to departwe find that Officer Marino had reasonable cause to believe that it was more probable than not that Lomax had been carrying the weapon concealed on his person. Furthermore, that the officer could not positively testify that he saw the gun on the defendant, fully concealed or not before it was exhibited, does not negate Officer Marino's reasonable belief under all the circumstances that just prior to Lomax's pulling the gun out, it was concealed on his person.
We find therefore that Officer Marino had probable cause to arrest Daniel B. Lomax for carrying a concealed weapon. The revolver and valium tablets seized incident to that valid arrest should not have been suppressed.

Decree
The trial judge's ruling granting the motion to suppress is reversed.
JUDGMENT GRANTING MOTION TO SUPPRESS REVERSED; REMANDED.
DENNIS, J., dissents with reasons.
DENNIS, J., dissenting.
I respectfully dissent.
The observations by the officersthe defendant's exit from a bar they suspected as *1128 a location of frequent drug traffic, defendant's movement of a gun from a place not within their view, and the lateness of the hourdid not give rise to a reasonable belief that it was more likely than not that the defendant had intentionally concealed a dangerous weapon. La.R.S. 14:95. Consequently, the officers did not have probable cause to arrest the defendants for carrying a concealed weapon, See, State v. Fluker, 311 So.2d 863 (La.1975), and their arrest of the defendant without probable cause was illegal. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142. Since it is axiomatic that an incident search may not precede an arrest and serve as part of its justification, Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); State v. Greenwald, 369 So.2d 1317 (La.1979), the officer's search of the defendant's person cannot be justified as an incident to a lawful arrest.
The circumstances may have justified a stop and frisk if the officers could articulate specific facts from which they reasonably suspected that the defendant was engaged in a criminal activity and was armed and dangerous. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Cf. C.Cr.P. 215.1. However, the frisk must be limited to the outer clothing of the suspect to be valid as an exception to the warrant requirement. See, Adams v. Williams, supra, Terry v. Ohio, supra; La.C.Cr.P. 215.1. A stop and frisk of defendant's outer clothing for weapons would not have revealed the diazepam. Thus, the search and seizure of the drugs on defendant's body were not lawful.
Accordingly, I respectfully dissent.
NOTES
[1] We denied the state's application from the trial judge's suppressing two Valium tablets taken in the search of Lomax's companion, one Thomas Johnson.