MARVIN, Judge.
This review on the State’s application for writs presents the novel question of the validity of a second pat-down search by a policeman who found a small container of cocaine in defendant’s pocket within a minute after another policeman had arrested defendant for an unrelated offense and had conducted, perhaps perfunctorily, the first pat-down, finding nothing.
When defendant was booked at the jail, a second container of cocaine was found. Defendant moved to suppress both containers of cocaine and a pistol which was earlier taken from defendant. The trial court suppressed the first container, but not the second container or the pistol. Defendant sought writs, which were denied because defendant had an adequate remedy by an appeal in the event he was convicted. We granted the State’s application to review the suppression of the first container.
During the early morning hours of December 26,1982, defendant, who admittedly was “somewhat drunk,” entered the Steak & Egg Kitchen in Shreveport to obtain a take-out breakfast for himself and others. He apparently went from table to table wishing the patrons a Merry Christmas. After some argument or at least a loud discussion with customers at one table about the defendant’s intrusion, defendant went to his parked automobile where he took his pistol from the front seat and stuck it under his belt in the small of his back and returned to the restaurant. Defendant was wearing a ski vest which extended to his belt line. The restaurant manager telephoned police and reported that a man with a gun was in the restaurant.
Officer Griffith, and shortly behind him, Officer Newman, responded to the police radio transmission of the situation. Griffith drove to the rear of the building and first observed defendant from that angle before going to the front door of the restaurant. Upon reaching the front door, Griffith could see a weapon “tucked in the back of [defendant’s] pants sticking out from under [his] vest ... just the top handle of the gun ... a nickel-plated .45 automatic ... when I came up close to him the vest was over the gun. You could only see [the pistol] when you [were] standing directly behind him.”
After Griffith disarmed defendant and took him outside, the second officer, Newman, arrived. Griffith testified that the manager of the restaurant also came outside and told them that defendant was being loud and disorderly in the restaurant and that she was willing to “sign charges” on defendant, but signed charges were not taken because defendant was going to be charged with carrying a concealed weapon. After defendant was arrested and apparently was patted down and given Miranda warnings and was handcuffed by Griffith, Newman then conducted his pat-down search, finding the first container of cocaine. This occurred within a minute following defendant’s arrest by Griffith and apparently before defendant was placed in Griffith’s patrol car.
Defendant was booked for violation of LRS 14:95 A.(l), illegal carrying of *899 weapon, intentionally concealed on one’s person. Partial concealment may or may not be sufficient to satisfy the element of intentional concealment. “If a part [of the weapon] is subject to view, not through any intention for it to be openly displayed but merely by virtue of sloppy concealment, then it seems there may be intentional concealment even though there is not full concealment. These are jury questions and there should not be any simplistic rule .. [or] mechanistic standard as that of whether the weapon was partially or fully concealed.” State v. Fluker, 311 So.2d 863, 866, fn. 3, (La.1975).
The trial court found that Officer Griffith had probable cause to arrest defendant and that the arrest was lawful. Probable [reasonable] cause to arrest is something more than mere suspicion and something less than sufficient proof to convict. State v. Davis, 407 So.2d 666 (La.1981). We find no error in that conclusion of the trial court. A search without a warrant, but incident to a lawful arrest is not considered an unreasonable search and is justified because it affords some protection to arresting officers and prevents loss or destruction of evidence. State v. Sharp, 390 So.2d 1288 (La.1980).
Notwithstanding the finding of lawful arrest, the trial court suppressed the container of cocaine found by Officer Newman apparently because it “failed to find why [Newman] should have searched [defendant after Griffith searched defendant].” A lawful arrest, at least for a reasonable time and to a reasonable degree, destroys somewhat the privacy of the person and takes that privacy out of the realm of protection from police interest in weapons, means of escape, and evidence. U.S. v. Edwards, 415 U.S. 800, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974). Items taken from defendant without a warrant and while in custody 10 hours after the initial arrest were there not suppressed. Edwards, in fn. 9 at p. 808, 94 S.Ct. in fn. 9 at p. 1239, recognized that there may be some custodial searches that might “violate the dictates of reason either because of their number or their manner of perpetration.” The circumstances in this case, in our opinion, however, do not border on unreasonableness either in number or in perpetration even on a review of the testimony most favorably toward defendant.
The writ is made peremptory and the ruling of the trial court suppressing the fruit of the pat-down search by Officer Newman is reversed and this case is remanded for further proceedings.