BARRY, Judge.
Larry Jones, a felon, was convicted of carrying a concealed weapon, La.R.S. 14:95.1, and sentenced to three years at hard labor without benefit of probation, parole or suspension of sentence. Jones was fined $1,000.00[1] in default of which he would serve an additional thirty days in prison.
*1263 Uniformed Officers Lee Cole and Charlene Butler were on patrol when they received a call relative to two black males who were fighting and possibly had weapons. A later call advised that shots had been fired. Officer Cole testified that upon arriving at the scene he observed a male going down the steps of a raised house. When the subject saw the police car he stopped, turned, and walked hurriedly back up toward the door. The officers asked a group of people sitting on the porch what they had seen and they pointed toward the man who constantly looked over his shoulder at the police vehicle.
Officer Cole testified the subject fumbled and dropped his keys. From his car the officer ordered him to come to the police vehicle. The subject ignored Officer Cole who then ran toward the door and called out again. By that time the subject had opened the door and reached for an object concealed under his shirt at his waistband. Believing he had a weapon, Officer Cole grabbed the subject from behind, pinned his arms, and the men fell through the doorway. Through the shirt Officer Cole felt the blade of a knife which the subject was trying to remove. Officer Cole warned Officer Butler of the knife as all three struggled. Officer Cole removed the knife (a 10” butcher knife), tossed it to the floor, and Officer Dephillo went in to help. The defendant was handcuffed and the knife and an unused shotgun shell (found on the porch) were picked up.
Officer Butler’s testimony corroborated that of Officer Cole. Both identified Jones and the knife.
There are no errors patent. The defendant assigns three errors relating to sufficiency of the evidence and the sentence.
SUFFICIENCY OF EVIDENCE
The defendant alleges there was insufficient evidence to sustain his conviction. Pursuant to Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we must determine whether a trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty beyond a rea- ‘ sonable doubt of every essential element of the crime.
La.R.S. 14:95.1 (prior to the 1985 amendment) provided in pertinent part:
A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which, if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
The statute’s purpose is to limit the possession of firearms or carrying of concealed weapons by individuals, who by their commission of certain enumerated felonies, have demonstrated a dangerous disregard for the law and pose a potential threat of further criminal activity. State v. Amos, 343 So.2d 166 (La.1977). In order to convict the state must prove the defendant is a convicted felon (without 10 years elapsing from the completion of that sentence, R.S. 14:95.1 C(1)) and he had possession of a firearm or was carrying a concealed weapon. See State v. Mose, 412 So.2d 584 (La.1982); State v. Bell, 439 So.2d 1163 (La.App. 4th Cir.1983).
*1264 It was stipulated the defendant had been convicted of aggravated battery with a dangerous weapon (a pistol) on October 31, 1980 and a certified copy of his conviction is in the record. His status as a convicted felon was clearly proven.
The knife was on the defendant at the time of his arrest. He claims the ten-inch butcher knife is not a weapon under the statute. In State v. Garlepied, 454 So.2d 1147 (La.App. 4th Cir.1984), writ denied 462 So.2d 189 (La.1984), this court noted that an ordinary pocket knife might not be a weapon in the ordinary sense, but held that a switchblade was. A ten-inch butcher knife certainly qualifies as a weapon and its concealment is proscribed by La.R.S. 14:95.1.
The defendant also argues the evidence presented was not sufficient to show intent to conceal. La.R.S. 14:95.1 requires only general criminal intent, State v. Godeaux, 378 So.2d 941 (La.1979), which is shown by the very doing of the acts which have been declared criminal.[2] La.R.S. 14:10; State v. Holmes, 388 So.2d 722 (La.1980). The intent to conceal can reasonably be inferred from the circumstances of the case. La.R.S. 15:445; State v. Hills, 451 So.2d 1346 (La.App. 1st Cir.1984), vacated in part on other grounds, 457 So.2d 1183 (La.1984).
In order to determine what constitutes a concealed weapon under La.R.S. 14:95.1, the Supreme Court in State v. White, 376 So.2d 124 (La.1979), utilized its previous detailed analysis relating to R.S. 14:95 in State v. Fluker, 311 So.2d 863 (La.1975). The Court stated that “a weapon is not concealed if it is sufficiently exposed to reveal its identity even though the weapon is not in full open view.” 376 So.2d at 125. The test is whether under the facts “the manner in which defendant carried the weapon evinced an intent to conceal its identity.” State v. Fluker, 311 So.2d at 866. Ultimately the Supreme Court left it to the province of the jury to decide whether the weapon in a particular case was concealed. State v. White, 376 So.2d at 125.
The jury obviously concluded the knife was a concealed weapon and we find the evidence more than sufficient to sustain that judgment.
This assignment has no merit.
SENTENCE (TWO ASSIGNMENTS)
The defendant contends: 1) the trial court erred by automatically imposing the minimum fine without considering its suspension; and 2) it is unconstitutional to add thirty days in default of payment because he is indigent. The state argues that no constitutional guarantees are violated because thirty days added to the three year sentence is within the 10 year maximum. The trial court did not mention the fine was mandatory or that the defendant was indigent.
La.C.Cr.P. Art. 893 relating to suspension of sentence in felony cases declares that a trial court “may suspend for the first conviction only the imposition or execution of any sentence....” (emphasis added). Since conviction of La.R.S. 14:95.1 requires a previous felony conviction the trial court did not have discretion to suspend the fine.
The defendant was represented at trial by the Office of the Public Defender and his indigent status was established. State v. Williams, 288 So.2d 319 (La.1974); State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985).
The state cannot impose a fine as a sentence and then automatically convert it into a prison term solely because the defendant is indigent and cannot pay regardless of whether the aggregate sentence exceeds the statutory maximum. Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *1265 Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).
Although the defendant has not defaulted on the fine, we recognize that he will not be able to improve his impoverished condition while serving a three year sentence at hard labor. See State v. Williams, 288 So.2d at 321.
In State v. Henry Williams, 489 So.2d 286 (La.App. 4th Cir.1986), we made a comprehensive jurisprudential analysis of this constitutional issue. Our conclusion was that a sentence imposing a fine in default of which an indigent would serve an additional prison term (although the aggregate sentence did not exceed the statutory maximum) is a violation of the defendant’s right to due process and equal protection under the law. U.S. Const. Amend. XIV; La. Const. Art. I, §§ 2 and 3. We also found that sentencing an indigent to jail for non-payment of a fine is excessive punishment. U.S. Const. Amend. VIII; La. Const. Art. I, § 20.
The conviction is affirmed. The sentence is amended to delete the thirty day jail term for non-payment of the fine.
CONVICTION AFFIRMED: SENTENCE AMENDED.

. The minute entry and docket master specify a $1,000.00 fine and the sentencing transcript declares the fine to be $2,000.00 even though the court stated the sentence was the minimum. The conflict was not noted by either brief which mentioned the fine as $1,000.00. The sentencing transcript contains other typographical errors which we assume explains the fine discrepancy. See State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985).

. La.R.S. 14:95.1 differs from R.S. 14:95 which prohibits the intentional concealment of any firearm and requires specific intent. See State v. Dyer, 388 So.2d 374 (La.1980).