543 So.2d 124 (1989)
STATE of Louisiana, Appellee,
v.
Howard L. WHITE, Jr., Appellant.
No. 20419-KA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
Indigent Defender Office by Kurt J. Goins and Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Shreveport, Powell Layton and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, Jr., SEXTON and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Defendant, Howard L. White, Jr., pled guilty to the charge of possession of cocaine, a violation of LSA-R.S. 40:967(C), and was sentenced to two years imprisonment at hard labor. Pursuant to his plea agreement, defendant reserved the right to appeal the denial of his motion to suppress evidence. That denial is now the sole issue before this court and, finding no error, we affirm.
On the night of September 25, 1987, the defendant went to the New Hope Garden Apartments in Shreveport, where his mother lived. Officer R.R. Washington of the Shreveport Police Department was working off-duty as a security guard for the apartment complex. He had been informed by the assistant manager that by letter, and also orally on at least three occasions, he, the assistant manager, had forbidden the defendant to come on the apartment complex property. The assistant manager advised that the action was taken because the defendant had previously created problems there, such as gambling and being involved in a shooting, among other incidents. Upon observing the defendant sitting and drinking in the parking lot of the complex, Officer Washington summoned another Shreveport police officer, and the two then approached the defendant to arrest him for trespassing. Upon being informed that he was going to be placed under arrest, the defendant began to run, but was soon apprehended in the parking lot. Pursuant to *125 the arrest, the officers did a "pat-down" search of the defendant and discovered in his back pocket a small blue plastic case containing seven packets of white powder, later identified as cocaine.
The defendant filed a motion to suppress the evidence on the grounds that his arrest was unlawful, and that the search of his person and the seizure of the plastic case containing the cocaine were incidental to an unlawful arrest. The trial court found the arrest to be lawful and denied the motion.
On appeal, defendant argues that the arrest for trespassing was not based on probable cause, as required by LSA-C. Cr.P. Art. 213, and therefore was illegal.
LSA-R.S. 14:63(B) provides the pertinent definition of criminal trespass:
B. No person shall intentionally enter immovable property owned by another:
(1) when he knows his entry is unauthorized, or
(2) under circumstances where he reasonably should know his entry is unauthorized.
Probable cause to make a warrantless arrest need not depend on the officer's personal knowledge, but may be based on knowledge supplied to the officer by another person. State v. Elliot, 407 So.2d 659 (La.1981); State v. Morvant, 384 So.2d 765 (La.1980). Proof required for conviction is not needed in order for reasonable, or probable, cause to exist. Instead, probable cause is something less and should be judged by the probabilities and practical considerations of everyday life on which average men, more particularly average police officers, can be expected to act. State v. Johnson, 422 So.2d 1125 (La.1982); State v. Hall, 342 So.2d 616 (La.1977), cert. denied, 434 U.S. 846, 98 S.Ct. 149, 54 L.Ed. 2d 112 (1977); State v. Amand, 274 So.2d 179 (La.1973).
Probable cause is determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience. State v. Johnson, supra. Further, probable cause for an arrest exists when facts and circumstances known to the officer, and of which he has reasonably trustworthy information, are sufficient to justify a man of ordinary caution in the belief that the person to be arrested has committed a crime. State v. Hathaway, 411 So.2d 1074 (La.1982). Considering all the circumstances, it must be more probable than not that the defendant's activity consisted of criminal behavior. State v. Fauria, 393 So.2d 688 (La. 1981).
In this case, Officer Washington was justified in accepting the information provided him by the assistant manager of the apartment complex, who was employed in a responsible position and did not seek anonymity, as coming from a reliable source. Not only did the informant indicate that he had personally written to the defendant, but he also explained the past improper conduct which has reasonably led to the decision to keep the defendant off the premises. Thus, in light of all the circumstances, Officer Washington had reasonably trustworthy information sufficient to cause a person of customary caution to believe that the defendant had committed the crime of criminal trespass, which occurs when a person intentionally enters immovable property owned by another, knowing his entry is unauthorized, or under circumstances where he reasonably should know his entry is unauthorized. LSA-R.S. 14:63(B).
Because probable cause existed for the arrest, both the arrest and the search were legal, and the trial court was correct in denying defendant's motion to suppress the cocaine discovered pursuant to the lawful arrest.
The conviction and sentence are AFFIRMED.