BYRNES, Judge.
Clinton H. Forest was charged as a convicted felon in possession of a firearm in violation of LSA-R.S. 14:95.1 by possessing a .32 caliber gun on June 6, 1988 after having been previously convicted of a 1982 simple residential burglary. The defendant pled guilty while reserving his right to contest the trial court’s ruling on the mo *936 tion to suppress the evidence under State v. Crosby, 338 So.2d 584 (La.1976). Forest was sentenced to three years in the Department of Corrections without benefit of parole, probation or suspension of sentence. His appeal followed.
At the motion hearing, Officer Van C. Ballard testified that he and his partner, Officer Timothy Walsh, were driving on patrol after midnight on June 6,1988, when they approached Jim’s Bar at the intersection of Washington Avenue and Danneel Street. Officer Ballard observed four subjects standing on the corner and saw what he thought was a handle of a small gun sticking out of the defendant’s right front pocket. Stopping the police car, Officer Ballard detained the individuals, conducted a protective search, and found the gun in defendant’s pocket. He placed Clinton Forest under arrest for carrying a concealed weapon. After a computer check revealed the defendant’s prior conviction, Forest was booked as a convicted felon in possession of a firearm. Officer Walsh, the passenger in the police car, testified to the same facts but he did not become aware of the gun until Officer Ballard removed it from the defendant’s pocket.
The issue is whether the initial stop of the defendant by the officers was based on a reasonable suspicion that defendant was carrying a weapon he intended to be concealed. C.Cr.P. Art. 215.1. If part of the weapon seen by Officer Ballard was the result of “sloppy concealment” and not defendant’s intention to carry it in open view this partial concealment may constitute intentional concealment. State v. Fluker, 311 So.2d 863 (La.1975).
Ballard testified that as he approached defendant’s group he saw “what appeared to be” the handle of a revolver sticking out of his pocket, that “it looked like” the handle of a revolver. The weapon was not in open view. It was inside defendant’s pocket with a part of it sticking out. Ballard’s partner, Officer Walsh, testified he didn’t even see the gun handle. This occurred at 12:15 a.m. in front of a bar at a place Walsh described as a “known drug corner.”
At the hearing on the motion to suppress it was incumbent on the trial judge to determine whether the defendant’s intent was to conceal his weapon or not based upon the evidence before him.
The only reasonable hypothesis supported by this evidence is that defendant intended to have the weapon concealed and he accidentally allowed part of it to be exposed. It is unreasonable to assume that this convicted felon intended to advertise that he was carrying a weapon at this time in this setting.
In State v. Wall, 440 So.2d 897 (La.App. 2d Cir.1983) the court found that similar evidence was sufficient to reverse the trial court’s decision to suppress the weapon. In this case, considering that the trial court has denied defendant’s motion, affirmation of that judgment on the appellate level is clearly warranted. There was probable cause for the arrest and the motion to suppress was properly denied.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.