STATE OF LOUISIANA      *      NO. 2024-K-0491

VERSUS      *

     **COURT OF APPEAL**

DARNELL T. MCKEY      *

     **FOURTH CIRCUIT**

     *

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 560-951, SECTION "A"
Honorable Simone A. Levine,
\* \* \* \* \* \*
**Judge Sandra Cabrina Jenkins**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary M. Phillips
Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR PLAINTIFF/RELATOR

Jarred P. Bradley
THE BRADLEY LAW FIRM, PLLC
143 Metairie Heights Ave.
Metairie, LA 70001

     COUNSEL FOR DEFENDANT/RESPONDENT


         **WRIT GRANTED.**
         **JUDGMENT REVERSED.**
         **OCTOBER 21, 2024**

SCJ
TFL
RDJ

The State of Louisiana seeks review of the trial court's July 10, 2024 ruling granting defendant's motion to suppress the evidence and finding no probable cause. Finding that the trial court abused its discretion in granting the defendant's motion to suppress the evidence and no probable cause, we grant the State's application for supervisory writs and reverse the trial court's rulings.

## PROCEDURAL HISTORY

On February 19, 2024, defendant, Darnell McKey, was charged, in a bill of information, with one count illegal carrying of a weapon, in violation of La. R.S. 14:95; one count of possession of a firearm while in possession of a controlled dangerous substance, in violation of La. R.S. 14:95(E); twos count of possession with the intent to distribute cocaine, in an amount less than 28 grams, in violation of La. R.S. 40:967(B)(1)(a); and one count of possession with the intent to distribute fentanyl, in an amount less than 28 grams, in violation of La. R.S. 40:967(B)(4)(a). On March 6, 2024, defendant appeared for arraignment and entered pleas of not guilty.

1

The defendant filed a motion to suppress evidence on April 25, 2024.  The trial court conducted a hearing on the motion on June 27, 2024, and took the matter under advisement.  On July 10, 2024, the trial court issued its ruling granting defendant's motion to suppress.  On August 8, 2024, the State noticed its intent to seek supervisory writs, and the trial court set a return date of August 10, 2024.  The State timely filed its writ application on August 9, 2024.  On that same date, the defendant filed a motion for leave to file an opposition to the state's writ application.

## STANDARD OF REVIEW

When reviewing trial court decisions on motions to suppress, the trial court's determinations of fact are reviewed for abuse of discretion, and legal decisions are reviewed *de novo.  State v. Candebat,* 2013-0780, pp. 6-7 (La. App. 4 Cir. 1/30/14), 133 So.3d 304, 306 (citing *State v. Wells,* 2008-2262 (La. 7/6/10), 45 So.3d 577).

## DISCUSSION

The State asserts that the trial court erred when it granted the defendant's motion to suppress and found no probable cause.  The defendant argued in his motion that there was no probable cause to arrest him for concealing a firearm because his gun was not concealed.  At the hearing on the motion to suppress, the two arresting officers testified.

New Orleans Police Officer Giana Leach testified that on the date of defendant's arrest, she and her partner were in the back of a store located at 6100 St. Claude Avenue in New Orleans getting breakfast.  The officers observed a male individual (defendant) waiting to purchase something at the store's front counter, and Officer Leach observed "a bulge on his right side."  That observation led

2

Officer Leach to believe that defendant had "a weapon on his right side under his shirt." Officer Leach notified her partner as to what she had observed and her partner, Officer Brionna Antoine, saw the "same thing." At that point, both officers approached defendant to perform "a suspicious person stop" and found he had a firearm under his shirt. The officers took the gun and the defendant was placed in handcuffs. The officers asked the defendant if he had a conceal carry permit. Officer Leach could not recall defendant's response, but stated that he "[m]ost likely" responded that "he was legal." The officers then "proceeded to do a pat-down of his pockets," recovering "drugs and cash." Thereafter, defendant was arrested and given his *Miranda*[1] rights. Officer Leach confirmed that it was after they removed defendant's weapon that a search was performed. Pursuant to this search, they found the illegal drugs.

New Orleans Police Officer Brionna Antoine testified that she, along with Officer Leach, arrested defendant on October 1, 2023 while at a store located at 6100 St. Claude Avenue. Officer Antoine stated that the "clip" from defendant's weapon was "bulging from under his shirt." Officer Antoine confirmed that defendant's shirt "was completely covering" the weapon.

In her ruling, the trial judge stated:

> Police may arrest an individual if they have probable cause to believe that the individual has committed a crime. *State v. Hamilton,* 36 So.3d 209, 212-213 (La. 5/11/10). However, a defendant cannot be said to be carrying a concealed weapon if the weapon is sufficiently exposed to reveal its identity. *State v. Dyer,* 388 So.2d 374, 376 (La. 1980), *quoting State v. Fluker,* 311 So.2d 863 (La. 1975). The *Dyer* court found that where a defendant was walking down a street in New Orleans and was observed by a police officer to have a weapon protruding from his right front pocket, he could not be said to have a concealed firearm. *Id.* at 376.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 69 (1966).

The trial court concluded that the defendant's gun was not concealed, and the officers lacked probable cause to arrest and then search defendant, thereby necessitating the suppression of the evidence. The court relied upon on *State v. Fluker* which held that "a weapon, although not in 'full, open view,' is nonetheless not a 'concealed' weapon if it is sufficiently exposed to reveal its identity." 311 So.2d 863, 866 (La. 1975). In *Fluker,* the Court determined that the weapon was not concealed because the "[d]efendant wore the gun in a holster on his hip in open view. The gun was exposed, except for that portion in the holster." *Id.*

In the present case, defendant's gun was not in open view; it was not exposed. Instead, it was concealed underneath the defendant's shirt as established by the testimony of both arresting officers and their body cam video. In clip 2 of the footage, one can see from a distance defendant's gun protruding from his waistband but completely covered underneath his shirt. Another clip reflects the same footage, but closer-up, showing the bulge underneath defendant's shirt more distinctly. In clip 1, an officer can be seen lifting defendant's shirt so she could remove his weapon.

Thus, contrary to the situation in *Fluker,* the defendant's gun was not in open view; it was concealed underneath his shirt. In *State v. Moore*, 2024-0158, p. 4 (La. App. 4 Cir. 5/10/24), 390 So.3d 413, 415, this Court recently recognized that the "[d]efendant presented suspicious behavior by placing his left arm across his waistband to cover a bulge" and justified an investigatory stop ultimately justifying search yielding contraband. Further, the defendant provided no proof to the officers that he had a permit to carry a concealed weapon as was his duty under

applicable law.[2] By not informing the officers about a permit, the officers had probable cause to arrest him for the illegal carrying of a concealed weapon.

Because the officers possessed probable cause to arrest defendant, the subsequent search in which the narcotics were discovered was also valid. In this case, while the weapon was found and the defendant was handcuffed, he was not formally placed under arrest and read his *Miranda* rights until after the narcotics were discovered on his person. However, searches incident to arrest conducted immediately before formal arrest are valid if probable cause to arrest existed prior to the search. *See State v. Sherman,* 2005-0779, p. 9 (La. 4/4/06), 931 So.2d 286, 292.

Accordingly, the trial court abused its discretion in granting the motion to suppress and finding no probable cause. We grant the State's writ application and reverse the trial court's judgment.

**WRIT GRANTED.**
**JUDGMENT REVERSED.**

---

[2] La. R.S. 40:1379.3(I)(2) provides, in pertinent part:

> A permittee armed with a handgun in accordance with this Section or a person carrying a weapon pursuant to R.S. 14:95(M) shall notify any police officer who approaches the permittee in an official manner or with an identified official purpose that he has a weapon on his person, submit to a pat down, and allow the officer to temporarily disarm him.