| ?D OWNING, Judge.
The defendant, David Edward Joshlin, appeals a conviction of attempted insurance fraud. Concluding no such crime is recognized in Louisiana law, we reverse and remand for new trial.

FACTS

Defendant was charged by bill of information with one count of perjury (count I), a violation of La.R.S. 14:123, one count of insurance fraud (count II), a violation of La.R.S. 22:1243, and one count of theft of $10,417.00 (count III), a violation of La. R.S. 14:67. He pled not guilty on all counts. He moved to quash count I, and the motion was granted. Following a jury trial on count II, he was found guilty of attempted insurance fraud.[1] He moved for arrest of judgment, but the motion was denied. On count II, he was sentenced to two years at hard labor, a fine of $2,000.00 plus court costs and, in default of payment, an additional six months at hard labor. He now appeals, designating three assignments of error.
In assignment of error number 1, the defendant contends his conviction for “attempted insurance fraud” is reversible error because no rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could possibly find the defendant’s brother died as an infant in 1930. In assignment of error number 2, the defendant contends his conviction for “attempted insurance fraud” is reversible error because the ease against him was purely circumstantial, the court of appeal on review, as a matter of law, can only affirm the conviction if the evidence excludes every reasonable hypothesis of innocence, and the positive evidence proved the defendant’s brother did not die as an infant in 1930. He argues these assignments of error together, relying |supon State v. Shapiro, 431 So.2d 372 (La.1982). Our resolution of assignment of error number 3 causes us to pretermit consideration of assignments of error numbers 1 and 2.

OFFENSE OF ATTEMPTED INSURANCE FRAUD

In assignment of error number 3, the defendant contends his conviction for “attempted insurance fraud” and the trial court’s denial of his motion in arrest of judgment are reversible error because there is no offense of “attempted insurance fraud.” He argues “attempts” are subsumed in the definition of insurance fraud, relying upon La.R.S. 22:1243 and La.R.S. 40:1421(4). He argues the attempt statute, La.R.S. 14:27, may not be employed when the definition of an offense includes the attempt to do something, citing State v. Eames, 365 So.2d 1361 (La.1978). Additionally, he relies upon State v. Dyer, 388 So.2d 374 (La.1980).
Louisiana Revised Statute 22:1243 defines prohibited activities constituting insurance fraud. La.R.S. 22:1243, in pertinent part, provides:
A. Any person who, with the intent to injure, defraud, or deceive any insurance company, oF-any insured or other party in /interest, or any third party claimant:
(1) Presents or causes to be presented any written or oral statement including computer-generated documents as part of or in support of or denial of a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, *108 incomplete, or fraudulent information concerning any fact or thing material to such claim; or
(2) Assists, abets, solicits, or conspires with another to prepare or make any written or oral statement that is intended to be presented (emphasis added) to any insurance company, insured, or other party in interest or third party claimant in connection with, or in support of or denial, or any claim for payment of other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim; is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five [¿years, or a fine not to exceed five thousand dollars, or both, on each count.
La.R.S. 40:1421, defining terms for state police insurance fraud investigation units, provides in pertinent part:
As used in this Chapter, the following words shall have the following meanings:
[[Image here]]
(4) “Insurance fraud” means any commission or attempted commission (emphasis added) of criminal acts or practices as provided in R.S. 22:1242, 1243, or 1244 which involves any type of insurance as provided in R.S. 22:6.
In Eames, the jury returned a verdict of “guilty of attempted participation in a riot which results in death.” Eames, 365 So.2d at 1362. Eames involved a prosecution for inciting to riot under 1969 La.Acts No. 176 (see now La.R.S. 14:329.1-La.R.S. 14:329.8). Eames, 365 So.2d at 1362-63. The Eames Court held there could be no attempt to incite a riot because the charged offense was inchoate and there could be no attempt to incite. Eames, 365 So.2d at 1364.
Dyer involved a prosecution for attempted concealment of a firearm under La.R.S. 14:27 and La.R.S. 14:95. Dyer, 388 So.2d at 375. The trial court granted a motion to quash, holding there could be no attempt to carry a concealed weapon. Dyer, 388 So.2d at 375. The Dyer Court affirmed, holding that in order to prosecute the offense of illegal carrying of weapons, the State had to prove the defendant specifically intended to conceal the weapon on his person, and, thus, guilt was based on the intent to conceal, rather than the extent of concealment. Therefore, the court reasoned, the offender’s conduct would be such that he either did or did not commit the offense and there could be no lesser offense under La.R.S. 14:5. Dyer, 388 So.2d at 376.
In State v. Campbell, 95-1409, pp. 2-3 (La.3/22/96), 670 So.2d 1212, 1213 (per cu-riam), the court held there can be no “attempted jury tampering” because the elements of jury tampering encompassed the attempt to influence jurors for corrupt purposes, by means of direct or indirect communications or attempted communications. La.R.S. 14:129.
After careful consideration of the facts of the instant case and the jurisprudence, we are convinced there can be no “attempted insurance fraud” because the elements of insurance fraud encompass completed and attempted violations of the statute. La.R.S. 22:1243; see also La.R.S. 40:1421(4).
Because the offense of insurance fraud encompasses attempted insurance fraud, attempted insurance fraud is not a lesser and included responsive offense for purposes of La.R.S. 14:27 or La.C.Cr.P. art. 815. The trial court charged the jury on attempted insurance fraud with *109 out timely defense objection.[2] See La. C.Cr.P. arts. 801, 841. The defendant thus acquiesced in the listing of attempted insurance fraud as a responsive verdict. However, the return of the unresponsive verdict of attempted insurance fraud constitutes an error patent on the face of the record and requires reversal of the defendant’s conviction. See Campbell, 95-1409 at pp. 2-3, 670 So.2d at 1213.
When jurors convicted the defendant of attempted insurance fraud they did not return a verdict for a non-offense. Under Louisiana law, attempted insurance fraud is insurance fraud, the crime charged in the bill of information. The evidence presented by the state gave jurors a rational basis for concluding the defendant impersonated Benny Frank Joshlin, purchased accidental death insurance in his name from CNA, named himself (the | fidefendant) beneficiary, lied about Benny Frank Joshlin’s disappearance, falsely obtained a declaratory judgment of Benny Frank Joshlin’s accidental death, and, thereafter, submitted a claim to CNA as beneficiary. Given this evidence, we cannot say that the jury’s return of the purportedly lesser verdict of attempt necessarily and implicitly acquitted the defendant of any material element of the charged offense, or that the verdict necessarily represented an expression of jury lenity despite the weight of the evidence presented. The verdict rationally conformed to the conduct charged in the bill of information and the evidence presented at trial although it was otherwise illegal and should not have been charged by the trial court. See Campbell, 95-1409 at pp. 4-5, 670 So.2d at 1214.
The verdict in a criminal case must clearly convey the intent of the jury. La. C.Cr.P. art. 810. The trial court’s error in charging the responsive verdicts in this case rendered the jury’s verdicts insolubly ambiguous, and we cannot discount the possibility that jurors meant to exercise lenity by returning the purportedly lesser verdict of attempt. Because of the confusion caused by the error in listing the responsive verdicts in this case, the verdict returned by the jury did not clearly convict or acquit the defendant of the charged offense. In this context, the Louisiana Supreme Court’s decision in Campbell compels us to remand this matter for a new trial.[3] Accordingly, the defendant’s conviction on count II hereby is reversed, the sentence on count II is vacated, and this matter is remanded to the district court for further proceedings in accordance with the law. See Campbell, 95-1409 at p. 5, 670 So.2d at 1214.

\ .CONCLUSION

For reasons stated, the conviction is reversed, the sentence is vacated, and this matter is remanded to the district court for further proceedings in accordance with the law.
REVERSED, VACATED AND REMANDED.
FITZSIMMONS, J., concurs.
WEIMER, J., dissents with reasons.

. The record does not reflect the disposition of count III.

. Approximately one and one-half weeks after trial, the defense moved for arrest of judgment contending attempted insurance fraud was not a legal verdict.

. The writing judge is of the opinion that Campbell was wrongly decided and that retrial in this matter will constitute double jeopardy. The correct result should be a reversal and discharge as was the result in Eames. However, we are constrained to follow the latest pronouncement of the Louisiana Supreme Court, which was expressed in Campbell.