11 WEIMER, J.,
dissenting.
I respectfully dissent.
*110 The defendant contends his conviction for attempted insurance fraud and the trial court’s denial of his motion in arrest of judgment are reversible error because there is no offense of attempted insurance fraud. He argues “attempts” are subsumed in the definition of insurance fraud, relying upon LSA-R.S. 22:1243 and LSA-R.S. 40:1421(4). He argues the attempt statute, LSA-R.S. 14:27, may not be employed when the definition of an offense includes the attempt to do something, citing, State v. Eames, 365 So.2d 1361 (La.1978). Defendant also relies on State v. Dyer; 388 So.2d 374 (La.1980).
Louisiana Revised Statute 22:1243, in pertinent part, provides:
A. Any person who, with the intent to injure, defraud, or deceive any insurance company, or any insured or other party in interest, or any third party claimant:
(1) Presents or causes to be presented any written or oral statement including computer-generated documents as part of or in support of or denial of a claim for payment or other benefit pursuant to an insurance policy, knowing that such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim; or
(2) Assists, abets, solicits, or conspires with another to prepare or make any written or oral statement that is intended to be presented to any insurance company, insured, or other party in interest or third party claimant in connection with, or in support of or denial, or any claim for payment of other benefit pursuant to an insurance policy, knowing that [¡>,such statement contains any false, incomplete, or fraudulent information concerning any fact or thing material to such claim; is guilty of a felony and shall be subjected to a term of imprisonment, with or without hard labor, not to exceed five years, or a fine not to exceed five thousand dollars, or both, on each count.
The defendant’s argument relying upon the text of LSA-R.S. 22:1243 is without merit. The statute does not encompass all attempts by its express terms. Cf. State v. Campbell, 95-1409, pp. 2-3 (La.3/22/96), 670 So.2d 1212, 1213 (per curiam) (there can be no “attempted jury tampering” because the definition of jury tampering in LSA-R.S. 14:129 encompasses the attempt to influence jurors for corrupt purposes, by means of direct or indirect communications or attempted communications.)
Insurance fraud is not an inchoate offense. Specific acts are required to commit the offense, such as presenting “any written ... statement ... as part of or in support of ... a claim for payment ... pursuant to an insurance policy.” LSA-R.S. 22:1243(A)(1). Thus, the argument that there can be no attempt to commit insurance fraud because the completed offense is itself in the nature of an attempt must also fail. See State v. Walters, 440 So.2d 115, 121 (La.1983).
The defendant relies on the definition of insurance fraud in LSA-R.S. 40:1421 to support his argument that LSA-R.S. 22:1243 encompasses attempted insurance fraud.
Louisiana Revised Statute 40:1421, in pertinent part, provides:
As used in this Chapter, the following words shall have the following meanings:
[[Image here]]
(4) “Insurance fraud” means any commission or attempted commission of criminal acts or practices as provided in R.S. 22:1242, 1243, or 1244 which involves any type of insurance as provided in R.S. 22:6.
By its own terms, LSA-R.S. 40:1421, is expressly limited in scope to Louisiana Revised Statutes, Title 40, Chapter 6 (De *111 partment of Public Safety) (“As used in this Chapter.A genuine construction of LSA-R.S. 40:1421(4) indicates the reference to LSA-R.S. 22:1243 is for its definition of “criminal acts or practices[,]” rather than a definition of “any commission or attempted commission of criminal acts or practices])]”
| zEames and Dyer addressed particular statutes not involved here. Eames involved a prosecution for inciting to riot under 1969 La.Acts No. 176 (see noto LSA-R.S. 14:329.1-LSA-R.S. 14:329.8). Eames, 365 So.2d at 1362-63. The jury returned a verdict of “guilty of attempted participation in a riot which results in death.” Eames, 365 So.2d at 1362. The Eames court held there could be no attempt to incite a riot because the charged offense was inchoate. Eames, 365 So.2d at 1364.
Dyer involved a prosecution for attempted concealment of a firearm under LSA-R.S. 14:27 and LSA-R.S. 14:95. Dyer, 388 So.2d at 375. The trial court granted a motion to quash, holding there could be no attempt to carry a concealed weapon. Id. The supreme court affirmed, holding that in order to prosecute the offense of illegal carrying of weapons, the State had to prove the defendant specifically intended to conceal the weapon on his person and, thus, guilt was based on the intent to conceal rather than the extent of concealment. The court reasoned the offender’s conduct would be such that he either did or did not commit the offense and there could be no lesser offense under LSA-R.S. 14:5. Dyer, 388 So.2d at 376.
State ex rel. Elaire v. Blackburn, 424 So.2d 246, 251 (La.1982), cert. denied, 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983), dealt with the legitimacy of a “compromise verdict,” i.e., a legislatively approved responsive verdict[1] which does not fit the evidence. The Louisiana Supreme Court recognized jurors may return a “compromise verdict” for whatever reason they deem to be fair as long as the evidence is sufficient to sustain a conviction for the charged offense. If the court overrules a defendant’s timely objection to an instruction of a responsive verdict on the basis that the evidence does not support that responsive verdict, and the jury returns a verdict of guilty of the responsive offense, the reviewing court must examine the record to determine if the responsive verdict is supported by the evidence. The conviction may be reversed if the evidence does not support the verdict. However, when the Udefendant does not enter an objection at a time when the trial judge can correct the error, then the reviewing court may affirm the conviction if the evidence would have supported a conviction of the greater offense, whether or not the evidence supports the conviction of the statutory responsive offense. See State ex rel. Elaire, 424 So.2d at 251.
In the instant case, the trial court charged the jury on attempted insurance fraud without timely defense objection.[2] Accordingly, it is appropriate to review the sufficiency of the evidence to support insurance fraud.
A thorough review of the record indicates the evidence presented herein, viewed in the light most favorable to the State, proved beyond a reasonable doubt and to the exclusion of every reasonable hypothesis of innocence, all of the elements of the offense charged and the defendant’s identity as the perpetrator of that offense. The jury was presented with evidence supporting the State’s theory: 1) *112 the defendant impersonated Benny Frank Joshlin and purchased accidental death insurance in his name from CNA; 2) the defendant named himself beneficiary; 3) the defendant lied about Benny Frank Joshlin’s disappearance and falsely obtained a declaratory judgment of Benny Frank Joshlin’s accidental death; and, 4) thereafter, the defendant submitted a claim to CNA as beneficiary. The jury was also presented with evidence of the defendant’s theory that he was not guilty because his claim against CNA was legitimate, having been named beneficiary prior to Benny Frank Joshlin’s accidental death on April 17, 1991. The fact the jury rejected the option of finding the defendant not guilty indicates it did not find the defense witnesses credible, which was not an irrational decision in light of this record. Reviewing the evidence in the light most favorable to the State, the defendant’s hypothesis of innocence was not accepted by the jury. See State v. Mitchell, 99-3342, pp. 7-8 (La.10/17/00), 772 So.2d 78, 83.
I would affirm the conviction.

. State ex rel. Elaire applies to LSA-C.Cr.P. art. 815, as well as La.C.Cr.P. art. 814, responsive verdicts. See State v. Walters, 440 So.2d 115 (La.1983).

. Approximately one and one-half weeks after trial, the defense moved for arrest of judgment contending attempted insurance fraud was not a legal verdict.