STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

JAK 08-363

STATE IN THE INTEREST

OF

M. L. L.

**********

APPEAL FROM THE
JEANERETTE CITY COURT
PARISH OF IBERIA, NO. 2114
HONORABLE CAMERON B. SIMMONS, CITY COURT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**DELINQUENCY REVERSED; DISPOSITION VACATED; CASE REMANDED.**

**G. Paul Marx**
**Attorney at Law**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 237-2537**
**Counsel for Defendant/Appellant:**
**M. L. L.**

**Walter James Senette, Jr.**
**Assistant District Attorney**
**Sixteenth Judicial District Court**
**5th Floor, Courthouse Building**
**Franklin, LA 70538**
**Counsel for Plaintiff/Appellee:**
**City of Jeanerette**

**EZELL, JUDGE.**

The Juvenile, M.L.L., was charged by Petition of Delinquency with aggravated burglary, a violation of La.R.S. 14:60. On November 15, 2007, an initial hearing was held, and M.L.L. entered a denial to the allegation. On December 20, 2007, an adjudication hearing was held where the city court judge adjudicated M.L.L. delinquent. Following the adjudication, on January 24, 2008, a disposition hearing was held, and the city court judge ordered M.L.L. to serve two years in the custody of the Department of Public Safety and Corrections with a recommendation for a non-secure placement.[1]

The Juvenile is now before this court alleging the following assignments of error:

> 1. The trial court erred in that the disposition of thirteen-year-old M.L.L. into the custody of the Office of Youth Development (OYD) was not supported by the record of the case because M.L.L. was a first offender who OYD thought could be successfully rehabilitated on probation. The court gave no reason for its refusal to follow the recommendations of the State and instead imposed a harsh two-year term of placement with OYD.

> 2. The disposition is illegal and a remand is necessary because there was no evidence or consideration at the disposition hearing regarding the best interests of M.L.L. or what disposition would be most consistent with the purposes of the Children's Code.

## FACTS

M.L.L., along with two other juveniles, entered the Idens' residence without permission, and some items were taken.

___

[1]The transcript of the disposition hearing indicates that the city court judge mistakenly stated the Juvenile was committed to the custody of the "State of Louisiana," instead of the Department of Public Safety and Corrections. *See* La.Ch. Code art. 899.

## ERRORS PATENT

Although the Louisiana Children's Code is silent as to whether a juvenile criminal proceeding is entitled to an error patent review, this court has found that such a review is mandated by La.Ch.Code art. 104 and La.Code Crim.P. art. 920. *See State in the Interest of J.C.G.*, 97-1044 (La.App. 3 Cir. 2/4/98), 706 So.2d 1081. After reviewing the record, we find an error patent regarding the Juvenile's adjudication which requires reversal. *See State v. Vincent*, 387 So.2d 1097 (La. 1980).

To support an adjudication of delinquency, the Children's Code Articles and jurisprudence require a juvenile court judge to find a juvenile violated a specific statute or ordinance; a general finding of delinquency is insufficient. Louisiana Children's Code Article 804(3) defines "delinquent act" as "an act committed by a child of ten years of age or older which if committed by an adult is designated an offense under the statutes or ordinances of this state." Louisiana Children's Code Article 883 provides: "In order for the court to adjudicate a child delinquent, the state must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition." Additionally, "[f]or an adjudication of delinquency . . . it must be proved that the juvenile violated a specific statute or ordinance, and every element of the crime must be proved." *State v. Melanson*, 259 So.2d 609, 613 (La.App. 4 Cir. 1972). *See also, State ex rel. D.P.B.*, 02-1742 (La. 5/20/03), 846 So.2d 753.

At the adjudication proceeding, the city court judge found in pertinent part:

Considering the taped statement that was issued by the fourth juvenile that was [sic] previous [sic] been tried in this matter. He seemed to be pretty clear based upon that statement that the four of them went to the house for the purposes of gaining entrance to the home and removing the firearm of [sic] the gun; specifically at the urging of N.L. and that M.L. actually was his co-conspirator to the fact that he went in the house

with him specifically for that . . . .

I do believe that the state has established beyond a reasonable doubt that on or about the [sic] September 20, 2007 that the juveniles did in fact enter the home of Idens for the purpose of committing a theft and that such entry was in fact both [sic] an unauthorized entry of an inhabited dwelling pursuant to the provisions of La. Revised Statute 14:62.3.

The issue of the aggravated burglary, one of the basic tenants [sic] of aggravated burglary, is that after entering the individual or in this case as principle [sic] individuals arm themselves with a dangerous weapon. The testimony and the evidence seem to be very clear that some items were taken from the home. And in this case the only testimony, other than the fact that a gun is missing during the occurrence of this burglary, and the evidence would suggest that the gun was taken in the burglary.

However, the testimony of the witnesses, including the testimony of the other juvenile that was there, that he didn't see the gun; he didn't see anybody with the gun. All he saw was some bullets that were taken. Making it impossible for the court to conclude that the States [sic] carried the burden of proven [sic] beyond a reasonable doubt that an aggravated burglary was committed, because I can't find that someone armed themselves with a dangerous weapon specifically the gun.

I do believe that the defendants, as juveniles, did in fact commit a violation as previously stated of La. Revised Statute 14:62.3, Unauthorized entry of an inhabited dwelling. It is a felony grade adjudication. In addition to that, I also believe that they committed a violation of La. Revised Statute 14:62, which is a simple burglary. And by that also violation of La. Revised Statute 62.2, which is a simple burglary of an inhabited dwelling. The dwelling being the home of the Iden's [sic] as specifically testified in this [sic].

As a result of this finding I am going to find that both N.L. and M.L. are delinquent offenders as a result of this offense.

In this case, the city court judge clearly found that the State failed to prove

M.L.L. committed the offense of aggravated burglary but also found that M.L.L.

committed a lesser included offense or offenses. The responsive verdicts listed in

La.Code Crim.P. art. 814(A)(42) for aggravated burglary are as follows:

Guilty.
Guilty of attempted aggravated burglary.
Guilty of simple burglary.
Guilty of attempted simple burglary.
Guilty of simple burglary of an inhabited dwelling.
Guilty of attempted simple burglary of an inhabited dwelling.

3

Guilty of unauthorized entry of an inhabited dwelling.
Guilty of attempted unauthorized entry of an inhabited dwelling.
Not guilty.

However, it is *unclear* whether the city court judge found M.L.L. committed unauthorized entry of an inhabited dwelling only, unauthorized entry of an inhabited dwelling and simple burglary, or unauthorized entry of an inhabited dwelling, simple burglary, and simple burglary of an inhabited dwelling.[2]

Although there are no reported cases dealing with this issue when the trier of fact was a judge, this issue was addressed when the trier of fact was a jury, which lends guidance. In *State v. Broadnax,* 219 La. 1003, 45 So.2d 604, 608 (1950), the court held that, "[t]he first object of the appellate court in construing the verdict is to ascertain with reasonable certainty the intention of the jury, which intent may be ascertained or arrived at by reference to the indictment or information and the charge of the court." Additionally, in *Broadnax*, the court explained in pertinent part:

> There are certain well recognized rules of construction to be used in determining whether a verdict returned by a jury is so obscure, uncertain, and meaningless as to be invalid.
>
> . . . .
>
> In 53 Am.Jur., "Trial", sec. 1036, p. 716, we find the following: "Because inartificial expressions and words are sometimes employed in framing a verdict, the first object in the construction of a verdict is to *learn the intent of the jury*, and when this can be ascertained, such effect should be given to the verdict, consistent with legal principles and construing it as a whole, as will most nearly conform to the intent. The jury's intent is to be arrived at by regarding the verdict liberally, with all reasonable intendments in its support and with the sole view of ascertaining the meaning of the jury, and not under the technical rules of construction which are applicable to pleadings. In the interpretation of an ambiguous verdict, the court may make use of anything in the proceedings that serves to show with certainty what the jury intended, and for this purpose, reference may be had, for example, *to the*

---

[2]The State asserts in its brief that the city court judge found the Juvenile committed the offense of unauthorized entry of an inhabited dwelling. In the Appellant's brief, the attorney does not refer to the offense or offenses which the city court judge found the Juvenile committed.

*pleadings*, the evidence, the admissions of the parties, the instructions, or the forms of verdict submitted." (All italics ours.)

The same work continues in sec. 1050, p. 727: "* * * every reasonable construction should be adopted for the purpose of working the verdict into form so as to make it serve. Further, if, by reference to the record, any uncertainty in the verdict can be explained, it is sufficient to sustain the appropriate judgment."

. . . .

And, further, in § 1409, p. 1107, it is stated:

"In construing a verdict the *object* is to arrive at the intention of the jury, and when this can be ascertained, if it is consistent with legal principles, such effect should be given to their finding as will conform to the intent."

"In arriving at the intention of the jury the verdict should receive a liberal rather than a strict construction. The verdict is not to be construed as strictly as a pleading, but is to have a reasonable intendment and construction. It should be construed with reference to the pleadings, and it should be construed with reference to the evidence, instructions, the proceedings at the trial, the forms of verdict submitted, and to the entire record; and if, when so construed, it is definite and clearly expresses the intention of the jury and is otherwise legal, technical objections or mere inaccuracies of expression will not render it void. If the intention of the jury can be *ascertained with reasonable certainty*, the verdict will be sustained."

The appellate courts of this country have recognized, accepted, and followed these rules . . . .

*Id.* at 216 La. at 10-13, 45 So.2d, 606-07. *See also*, *State v. Williams,* 386 So.2d 1342 (La.1980) and *State v. Odle*, 02-226 (La.App. 3 Cir. 11/13/02), 834 So.2d 483, *writ denied*, 03-625 (La. 6/20/03), 847 So.2d 1219.

Consequently, this court must try to construe the city court judge's finding by reviewing the record to ascertain with reasonable certainty his intention.

The "Petition for Delinquency" charged the Juvenile with aggravated burglary, a violation of La.R.S. 14:60. Additionally, the petition provided in pertinent part:

On September 20, 2007 at 1800 hrs the said juvenile participated in committing a burglary at the residence of the Idens' located [at] 2109 Deslatte Street. Once entry was gain [sic] into the residence the subject

5

stolen [sic] a 9MM Handgun, thus arming themselves as they left the residence.

The caption of the minute entry of the initial hearing includes a typed charge of aggravated burglary and handwritten the charge of unauthorized entry. However, information obtained from the city court clerk's office indicates that there was neither a petition of delinquency filed charging the Juvenile with unauthorized entry nor an amendment to the original petition adding an unauthorized entry charge. Nevertheless, at the beginning of the adjudication proceeding, the city court judge stated that "I am going to find this matter is of proper posture to come before the court for purposes for adjudication hearing under the delinquency code as a result of the charges brought against each of the Juveniles for aggravated burglary and an unauthorized entry."

The State, in its brief to this court, claims that it orally amended the bill of information at the initial hearing from aggravated burglary to simple burglary. The minute entry of the initial hearing states only that the juvenile court advised the Juvenile of the "NATURE OF THE ALLEGATIONS IN THE PETITION," and information obtained from the city court clerk's office indicates that a transcript or a recording of the initial hearing is not available.

The minute entry from the adjudication proceeding reflects that the State amended the aggravated burglary charge to simple burglary. However, the transcript of the adjudication proceeding does not indicate such an amendment was made. Nevertheless, the pre-disposition report, which was prepared by the Office of Youth Development at the city court judge's request, states the city court judge found the Juvenile committed the offense of simple burglary.

At the disposition hearing, the city court judge stated in pertinent part:

6

> Ok, this under Docket #2114 in the interest of M.L., it's an aggravated burglary charge occurred on or about September 20, 2007.
>
> . . . .
>
> In this case, the court really hasn't changed its mind that a confession as it originally implicated these young people that for the most part that it was N.L., M.L. and D.J. who went into the house, while D.A. acted as a lookout and while they were in the house did physically remove the firearm that belonged to the Idens.[3]
>
> . . . .
>
> M.L. admits that he was involved in this particular action.
>
> . . . .
>
> Given the age of the juveniles, in the matter of State of Louisiana, in the interest of M.L., the Court is satisfied that given the nature of the effect, that it is going to be the order of the court that M.L. is going to be ordered to serve two years in the custody of the State of Louisiana. Remand him into the custody of the Office of Youth Development for placement with a recommendation for non-secure custody.

We note that at the disposition hearing the city court judge did not refer to the offense or offenses which he had found the Juvenile committed.

Finally, the custody order signed by the city court judge provides that the Juvenile was adjudicated delinquent on the offense of simple burglary, a violation of La.R.S. 14:62.

After reviewing the record, this court finds that it cannot ascertain with reasonable certainty the intent of the city court judge regarding his finding as to which lesser included offense or offenses the Juvenile committed.

In fact, in *State v. Nazar,* 96-175 (La.App. 4 Cir. 5/22/96), 675 So.2d 780, the court found the trial court lacked authority to clarify its verdict. Nazar was originally charged with one count of aggravated battery, but the charge was amended to simple

---

[3]This statement by the city court judge regarding the juveniles removing the firearm from the Idens' residence, appears to be inconsistent with his finding at the adjudication hearing.

battery. The trial court found the defendant guilty of attempted simple battery, a non-verdict. The State filed for a motion to clarify the verdict. The trial court vacated its previous verdict, and found the defendant guilty of simple battery. Nazar appealed to the Criminal District Court Appellate Division which reversed the conviction and acquitted him of the charge. The fourth circuit granted the State's application to review the ruling.

On appeal, one of the arguments asserted by the State was that the trial court had authority to replace the invalid verdict with a valid verdict pursuant to under La.Code Crim.P. art. 813. The fourth circuit held in pertinent part:

> According to the Statute, the trial court may vacate its prior verdict and find the defendant guilty of simple battery. La.C.Cr.P. art 813 provides:
>
> > If the court finds that the verdict is incorrect in form or is not responsive to the indictment, it shall refuse to receive it, and shall remand the jury with the necessary oral instructions. In such a case the court shall read the verdict, and record the reasons for refusal.
>
> > Under La.C.Cr.P. art. 820 all provisions regulating responsive verdicts and the effect of verdicts shall apply to cases tried without a jury. Contrary to the State's position, La.C.Cr.P. art 813 does not provide for a motion to clarify the verdict. The State cites no article of the Code of Criminal Procedure or statue which gives the trial court authority to change its prior verdict. The trial court had no authority to vacate a prior verdict of guilty on attempted simple battery (even though not a recognized crime) and to find the defendant guilty of the greater offense of simple battery.

*Id.* at 781-82.

Therefore, we reverse the Juvenile's adjudication of delinquency, vacate the disposition, and remand the matter to the city court judge for further proceedings.

Additionally, this court orders an acquittal for the charge of aggravated burglary. The ruling of the city court judge clearly indicates that the State failed to present sufficient evidence to support a finding that M.L.L. committed aggravated

8

burglary; rather, the evidence shows M.L.L. committed a lesser included offense or offenses. Louisiana Code of Criminal Procedure Article 598(A) provides that "When a person is found guilty of a lesser degree of the offense charged, the verdict or judgment of the court is an acquittal of all greater offenses charged in the indictment and the defendant cannot thereafter be tried for those offenses on a new trial."

The remedy of entering an acquittal on the original charge of aggravated burglary differs from the remedy applied in cases where the trier of fact finds a defendant guilty of a non-crime, a non-responsive crime, or an insolubly ambiguous verdict. For example, in *State v. Joshlin*, 00-2921 (La.App. 1 Cir. 11/9/01), 804 So.2d 106, the jury found the defendant guilty of attempted insurance fraud. The appellate court found the verdict was insolubly ambiguous, and the verdict returned by the jury did not clearly convict or acquit the defendant of the charged offense. In *State v. Mayeux*, 498 So.2d 701 (La.1986), the defendant was found guilty of a non-responsive verdict and the supreme court found that the verdict was "wholly invalid," amounted to a conviction of a "non-crime," and could not operate as a conviction nor an acquittal. In *Nazar*, 675 So.2d 780, the court followed *Mayeux* and held the defendant's conviction of a non-crime did not operate as an acquittal or a conviction for double jeopardy purposes. In *Vincent*, 387 So.2d 1097, the supreme court found the jury's verdict was non-responsive to the charged crime, vacated the conviction and sentence, and remanded the matter. There was no mention in the opinion that an acquittal should be ordered regarding the offense originally charged. *See also*, *State v. Thibodeaux*, 380 So.2d 59 (La.1980).

For the reasons discussed above, this court orders the entry of an acquittal as to the charged offense of aggravated burglary.

9

**CONCLUSION**

We reverse the Juvenile's adjudication of delinquency, vacate his disposition, and remand the matter to the city court judge for further proceedings. Additionally, an order of an acquittal is entered for the charge of aggravated burglary.

**DELINQUENCY REVERSED; DISPOSITION VACATED; AND REMANDED.**