CARAWAY, J.,
dissenting.
|, Since the crime of computer-aided solicitation of a minor is an offense defined by the legislature in the nature of an attempt, I find error patent in the conviction *477 for attempted computer-aided solicitation of a minor. The jurisprudence shows that an attempt conviction for an inchoate or attempt crime is improper so that the option given to the jury in this case to return the responsive verdict was error. State v. Dryer, 388 So.2d 374 (La.1980); State v. Eames, 365 So.2d 1361 (La.1978); State v. Sloan, 32,101 (La.App.2d Cir.8/18/99), 747 So.2d 101.
The operable language of the charged offense under La. R.S. 14:81.3 provides for “the use of electronic textual communication” by the defendant “for the purpose of or with the intent to persuade, induce, entice, or coerce” “a person reasonably believed” to be a minor “to engage or participate in sexual conduct.” The act in furtherance of the crime begins with the communications referencing lewd and lascivious sexual conduct, and yet at the same time, the crime is completed. Nevertheless, beyond such communications, if a completed lewd and/or violent sexual act occurs with the minor child victim, there are other crimes such as indecent behavior with juveniles or rape that proscribe such criminal conduct and define acts beyond the inchoate attempt to entice the victim which the present charge addresses. Like the difference between the crime of assault, which places the victim in reasonable apprehension of receiving a battery, and the battery itself, the crime of computer-aided solicitation recognizes the harm to society for the attempted actions of communications toward the victim.
12In their treatise on Louisiana jury instructions, Professors Cheney C. Joseph and P. Raymond Lamonica note in comments as follows regarding La. R.S. 14:81.3:
Since the offense is arguably in the nature of a “solicitation or attempt,” attempt may not be a proper responsive verdict. See State v. Dyer, 388 So.2d 374 (La.1980). Until a definitive jurisprudential or statutory resolution of this issue is available, the court should require counsel’s legal arguments before deciding whether or not to instruct on attempt as a responsive verdict.
Cheney C. Joseph & P. Raymond Lamoni-ca, Criminal Jury Instructions, § 10.81.3, 17 Louisiana Civil Law Treatise (2d ed.2003).
In § 10.92A(11) of the same Treatise, the writers discuss La. R.S. 14:92 A(ll), contributing to the delinquency of juveniles, which is defined as “the intentional enticing, aiding, soliciting, or permitting, by anyone over the age of seventeen, of any child under the age of seventeen to become involved in crime of violence or drug felonies.” The writers then observe in comments:
The offense, if committed by “enticing,” is in the nature of an attempt but an “attempt to entice” would not be a proper responsive verdict. See State v. Eames, 365 So.2d 1361 (La.1978).
Id., 10.92A(11). Likewise, in 52 La. L.Rev. 1083, Dale Bennett and Professor Joseph discussed inchoate crimes as follows:
Similarly, the Louisiana Supreme Court has held in State v. Eames and State v. Dyer that the legislature did not intend for the general attempt article to apply to offenses which are themselves in the nature of an attempt. In Eames, the court set aside a conviction for attempted inciting to riot on the theory that the inciting offense is itself in the nature of an attempt. In Dyer, the court held that there can be no attempt to carry a concealed weapon because the offense of carrying a concealed weapon is itself in the nature of an attempt. Whether or not one agrees with the ultimate resolution of these cases, it is logical for the supreme court to conclude that the general attempt article was not intended to *478 apply to offenses which the court finds are themselves in the nature of an attempt.
| oDale Bennett and Cheney Joseph, The Louisiana Criminal Code of 19i2-Doctri-nal Provisions, Defenses, and Theories of Culpability, 52 La. L.Rev. 1083, 1107 (1992).
From these prior rulings of the Supreme Court, the responsive verdict of attempted computer-aided solicitation of a minor requires reversal of this conviction.