BROWN, Chief Judge.
hln 1996, defendant, Kendrick Tremell Williams, was arrested and charged with carnal knowledge of a juvenile. He pled guilty to indecent behavior with a juvenile and was sentenced to three years at hard labor. Upon his release from prison, he was required to register as a sex offender in accordance with La. R.S. 15:542.1.4. Thereafter, he was arrested five times for failing to register as a sex offender. One instance was not billed, another was nol prossed, and three times he was allowed to plead guilty to misdemeanors (criminal mischief) with the understanding that he would comply with the sex offender registration laws.
Finally, on March 13, 2011, Williams was charged by bill of information with failing to register as a sex offender with the Bossier City Police Department. Williams pled guilty on June 3, 2011, to attempted failure to register as a sex offender. The trial court ordered a presentence investigation report that showed that Williams was a third felony offender as well as his *413 previous arrests for not registering as a sex offender. The trial court sentenced Williams to three years at hard labor without the benefit of probation, parole, or suspension of sentence. Defendant now appeals his sentence as excessive. Because there is no such crime as an attempt to not register, we are constrained to reverse and remand.

Discussion

Williams’ sentence was imposed under La. R.S. 15:542.1.4 and La. R.S. 14:27. In relevant part, La. R.S. 15:542.1.4 states:
A. (1) A person who fails to register, periodically renew and update registration, provide proof of residence or notification of change of address or other registration information, or provide community notification as required by the provisions of this Chapter, Land a person who knowingly provides false information to a law enforcement agency as provided in R.S. 15:542(0(3), shall, upon first conviction, be fined not more than one thousand dollars and imprisoned with hard labor for not less than two years nor more than ten years without benefit of parole, probation, or suspension of sentence.
La. R.S. 14:27, which governs attempts, provides for a sentence whereby the fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense. La. R.S. 14:27(D)(3).
Criminal laws generally prohibit people from doing something, such as driving while under the influence. In this case, however, the law compels a person to do something — register as a sex offender. An attempt requires a specific intent to commit the crime and an overt act in furtherance of the crime. Mere preparation is not sufficient. In State v. Pooler, 96-1794 (La.App.1st Cir.05/09/97), 696 So.2d 22, 45-46, writ denied, 97-1470 (La.11/14/97), 703 So.2d 1288, the court stated:
A mere statement of an intent to commit a crime does not become a criminal attempt or a conspiracy unless it is accompanied by some overt act. LSA-R.S. 14:26, 14:27. Criminal conspiracy or attempt requires that, in addition to the agreement to commit a crime, one or more of the parties must do something in furtherance of that agreement.
In the case sub judice, the failure to register was an act of omission. Thus, an attempt was a legal impossibility. In State v. Dyer, 388 So.2d 374, 375 (La.1980), the court wrote:
In prosecutions for illegal carrying of weapons, the state must prove that a defendant specifically intended to conceal the weapon on his person. Because a defendant’s guilt is based on his intent to conceal, rather than the extent of his concealment, his conduct would be such that he either did or did not commit the substantive offense. In other words, the nature of the |soffense is such that proof of the attempted offense proves the substantive offense, as the elements of the attempted offense are the same as that of the substantive offense. Hence, it is obvious that attempted concealment, comprising the identical elements, cannot be a “lesser grade” of La. R.S. 14:95(A)(1). Proof of the elements of attempted concealment would not be proof of a “lesser offense” under La. R.S. 14:5 but would be proof of the greater offense alone. Accordingly, we agree with the trial judge’s ruling that there can be no attempt to carry a concealed weapon.
In State v. Sloan, 32,101 (La.App.2d Cir.08/18/99), 747 So.2d 101, 105, this court stated:
The reasoning of Dyer, supra, is applicable to the instant case. The nature of *414 the offense of communication of a false bomb threat is such that proof of the attempted offense proves the substantive offense, as the elements of the attempted offense are the same as that of the substantive offense. Additionally, as a matter of policy, to extend this offense further does not accomplish any legislative intent and serves only to add confusion. We find that attempt to communicate false information concerning an alleged attempted arson is not a lesser or responsive charge. There is no such crime. The trial court therefore erred in instructing the jury that attempt was a responsive verdict.
There is no such crime as an attempt to not register as a sex offender. The crime of failure to register is not a specific intent crime. One either fails to register or not. One can not attempt to not register. One can not plead guilty to a nonexistent crime. The guilty plea is set aside, and the case remanded for further proceedings.
REVERSED AND REMANDED.
STEWART, J., dissents with written reasons.