HANS J. LILJEBERG, Judge.
^Defendant appeals his conviction and sentence, which resulted from a guilty plea entered under the provisions of State v. Crosby, 338 So.2d 584 (La.1976). For the following reasons, we vacate defendant’s conviction and sentence, and we remand this case for further proceedings.

STATEMENT OF THE CASE

On September 14, 2011, the Jefferson Parish District Attorney filed a bill of information charging defendant, Eric Hill, with possession of “[c]ocaine in excess of 28 to 200 grams,” in violation of LSA-R.S. 40:967(F). He pled not guilty at arraignment. Thereafter, defendant filed various pre-trial motions, including motions to suppress the evidence and statement. A suppression hearing was held on February 1, 2012, and the trial court denied defendant’s motions to suppress the evidence and statement.
On February 19, 2013, defendant withdrew his not guilty plea and entered a guilty plea pursuant to the provisions of State v. Crosby, supra, which allows a defendant to plead guilty while reserving the right to appeal a pre-trial ruling. Defendant was sentenced to 15 years imprisonment at hard labor with the first five years of the sentence to be served without benefit of probation, parole or | ¡¡suspension of sentence. On this same date, the State filed a multiple offender bill of information alleging that defendant was a second felony offender. After defendant stipulated to the allegations in the multiple bill, his original sentence was vacated, and he was resentenced as a second felony offender to the same sentence of 15 years imprisonment at hard labor, with the first five years of the sentence to be served without benefit of probation, parole or suspension of sentence.
Defendant now appeals. On appeal, he claims that his conviction cannot stand, because the trial court erred in failing to grant his motion to suppress the evidence. However, because we must vacate and set aside defendant’s conviction on other grounds, we cannot address the merits of defendant’s appeal at this stage of the proceedings.

*356
DISCUSSION

Defendant was charged by bill of information with possession of “[cjocaine in excess of 28 to 200 grams,” in violation of LSA-R.S. 40:967(F). However, the record reflects that he pled guilty to “possession with intent to distribute cocaine between twenty-eight and two hundred grams,” which is not a recognized crime under Louisiana law.
The waiver of rights form indicates that defendant was pleading guilty to “pos. w/intent to dist. cocaine 28-200 gms.” Also, during the plea colloquy, the trial court informed defendant that he was pleading guilty to “possession with the intent to distribute cocaine between twenty-eight and two hundred grams.” Additionally, in his recitation of the factual basis for the plea, the prosecutor indicated that the State would have proven that on August 15, 2011, defendant “knowingly and intentionally possessed with the intent to distribute between twenty-eight and two hundred grams of cocaine.” Finally, the commitment reflects 14that defendant pled guilty to possession with intent to distribute cocaine in excess of 28 to 200 grams.
We note that the waiver of rights form does reference LSA-R.S. 40:967(F), which is the subsection of the statute for the offense charged, possession of 28 to 200 grams of cocaine. However, the transcript of the guilty plea colloquy does not reflect that defendant pled guilty “as charged” and there was no mention of the specific statute to which he was pleading guilty during the colloquy.
The jurisprudence provides that the trial court has jurisdiction to accept a knowing and voluntary guilty plea, even when the crime to which the defendant pled guilty is not responsive to the crime for which he was charged and the bill of information has not been amended to conform to the plea. See State v. Jackson, 04-2863 (La.11/29/05), 916 So.2d 1015. However, in the case before us, defendant did not plead guilty to a nonresponsive crime; rather, he pled guilty to a crime that does not exist under Louisiana law.
It appears that “possession with intent to distribute cocaine between twenty-eight and two hundred grams” is a combination of two offenses — possession with intent to distribute cocaine under LSA-R.S. 40:967(A)(1) and possession of 28 grams or more but less than 200 grams of cocaine under LSA-R.S. 40:967(F)(1)(a). See State v. Lewis, 46,344 (La.App. 2 Cir. 5/18/11), 69 So.3d 604, 611, writ denied, 11-2282 (La.6/1/12), 90 So.3d 426. There is no such crime as “possession with intent to distribute cocaine between 20 and 200 grams.” The trial court cannot accept a guilty plea to a nonexistent crime. See State v. Williams, 47,242 (La.App. 2 Cir. 7/18/12), 103 So.3d 412; and State v. Smith, 04-338 (La.App. 3 Cir. 9/29/04), 883 So.2d 505.
Although the reference to LSA-R.S. 40:967(F) in the waiver of rights form suggests that defendant may have intended to plead guilty as charged, the | ..¡numerous references in the record to “possession with intent to distribute cocaine between 28 and 200 grams” make it unclear that defendant intended to plead guilty to possession of 28 to 200 grams of cocaine, as opposed to possession with intent to distribute cocaine. We must ensure that a defendant understands the crime to which he is pleading guilty and that his plea is knowing and voluntary. Accordingly, we are compelled to set aside defendant’s guilty plea, vacate his conviction and sentence, and remand for further proceedings.

DECREE

For the foregoing reasons, we set aside defendant’s guilty plea, vacate his convic *357 tion and sentence, and remand this matter to the trial court for further proceedings.

CONVICTION AND SENTENCE VACATED; REMANDED.