LILJEBERG, J.,
dissents with reasons.
LI respectfully dissent from the majority opinion finding defendant knowingly and voluntarily pleaded guilty to conspiracy to possess in excess of 28 grams of cocaine, but less than 200 grams.
Upon review of the record, it is unclear whether defendant pleaded guilty to conspiracy to possess cocaine in excess of 400 grams in violation of La. R.S. 40:979/967 (F)(1)(c) or whether defendant pleaded guilty to conspiracy to possess cocaine in excess of 28 grams, but less than 200 grams, in violation of La. R.S. 40:979/967(F)(l)(a).
The bill of information charged defendant with conspiracy to possess cocaine in excess of 400 grams in violation of La. R.S. 40:979 and La. RS. 40:967(F). At no point in the proceedings did the State amend the bill of information or indicate that the parties entered into a plea agreement reducing the charge.[1]
Next, the signed waiver of rights form reflects that defendant pleaded guilty to conspiracy to possess over 400 grams of cocaine in violation of La. R.S. 40:979/967. That form shows defendant’s maximum sentencing exposure for that offense was 15 years with or without hard labor and a fine of $125,000.00, and that the trial court would sentence defendant under the plea to 14 years at hard labor without benefit of parole, probation, or | ^suspension of sentence. The form also reflects that in return for pleading guilty, the State agreed that it would not file a multiple bill of information. Finally, where asked to explain the factual circumstances surrounding this crime, defendant wrote that he conspired to possess over 400 grams of cocaine in Jefferson Parish. The waiver of rights form was signed by the defendant, defense counsel, and the trial judge on October 3, 2013.
The transcript further reflects that on that same date, defense counsel made his appearance before the court and stated that defendant wished to withdraw his plea of not guilty and enter “a plea of guilty as charged, conspiracy of possession of cocaine over 400 grams.” ' Defense counsel tendered to the court at that time the written form. When addressed by the court, defendant answered that he reviewed and signed the waiver of rights form.
*856 At the start of the Boykin[2] colloquy, however, the trial judge stated to defendant:
In matter number 12^1971, you’re entering a plea of guilty to a violation of La. R.S. 40:967, the crime of — actually, the conspiracy to possess over 28 grams of cocaine. It’s' a violation of the conspiracy statute to possess those drugs, 40:979.
The trial judge further related to defendant:
With regard to an attempt to possess more than 48 grams — 28 grams, the maximum penalty which the Court could impose would be 30 years at hard labor in the custody of the Department of Corrections of the State of Louisiana and a fine of $250,000. Therefore, the maximum sentence that you can receive in this matter would be 15 years at hard labor in the custody of the Department of Corrections of the State of Louisiana and a fine of $125,000.[3]
[[Image here]]
[I]f the court accepts your plea of guilty, that the court would sentence you to serve 14 years at hard labor in the custody of 1 sthe Department of Corrections of the State of Louisiana!.] That sentence would be without the benefit of probation, parole or suspension of sentence.
* * ⅜
The State has advised that if the court accepts your plea of guilty to this plea agreement, that it would not file a multiple bill charging you as a multiple offender.
The trial judge subsequently asked defendant to provide a factual basis for the offense of which he was pleading guilty, the following exchange occurred:
The Court: Tell me what you did.
Defendant: I did conspire.
The Court: With other individuals to possess—
Defendant: 28 grams of cocaine.
The Court: — more than 28 grams?
Defendant: Yeah, more than 28 grams of cocaine.
Following the colloquy, the trial judge found that defendant “is knowingly, intelligently, freely and voluntarily entering his plea of guilty in matter number 12-4971 to the crime of conspiracy to possess over 28 grams of cocaine.”
Finally, the commitment provides that defendant pleaded guilty to “conspiracy to poss [sic] over 28 grams (over 400 grams).”
A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. State v. McCoil, 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124, citing State v. Dixon, 449 So.2d 463, 464 (La.1984); State v. Lewis, 421 So.2d 224, 226 (La.1982).
LBased on the entirety of the record, it is unclear whether defendant knowingly and voluntarily entered a plea of guilty in light of the discrepancies between the bill of information, waiver of rights form, transcript, and commitment. We must ensure that a defendant understands the crime to *857 which he is pleading guilty and that his plea is knowing and voluntary. State v. Hill, 13-447 (La.App. 5 Cir. 12/12/13), 131 So.3d 354, 357.
Accordingly, I would vacate defendant’s plea in this matter, set aside the conviction and sentence imposed, and remand the matter to the trial court for further proceedings.

. It is noted that a trial court has jurisdiction to accept a knowing a voluntary guilty plea, even when the bill of information has not been amended to conform to the plea. See State v. Jackson, 04-2863 (La.11/29/05), 916 So.2d 1015.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

. Under both La. R.S. 40:979 and La. R.S. 40:967(l)(a) and (c), the maximum term of imprisonment was 15 years. However, as indicated by the maximum fine, the trial judge advised as to the maximum sentencing exposure for conspiracy to possess over 400 grams of cocaine. See La. R.S. §§ 40:979 and 40:967(F)(l)(c).